COMMONWEALTH *vs.* McCOY BRIMLEY. July 24, 1985. *Identification. Robbery. Practice, Criminal,* Assistance of counsel.

From the evidence in this trial of indictments for assault and battery by means of a dangerous weapon and robbery while armed, in which there was little conflicting evidence, the jury would have been warranted in finding the facts set out below. On October 10, 1981, Walter D. Edmond (the victim) owned a 1969 Chevrolet automobile, equipped with new tires and wire spoke rims which the victim had marked with his initials. The vehicle was missing. The victim, searching for it, found three tires on a street in Roxbury and the vehicle in a field nearby, where it was being stripped by a stocky man, weighing about 175 pounds and wearing a yellow T-shirt. The victim shouted at the man in the yellow shirt, who threw a fourth tire at the victim and ran away, as did a second person (at whom the victim then had no good look) standing at the edge of the field. The victim then examined the tires left behind by the persons who had fled, and discovered that they were his tires.

The victim saw a man in a blue "Marquis" vehicle driving on the street, who asked the victim if he could be helpful. The victim asked him and another person passing on the street to get the police. The victim wisely made note of the registration numbers of the blue Marquis and of a brown Cadillac automobile standing on the street.

Before the police appeared, the blue Marquis returned, driven by the man the victim had asked to get the police. He had with him in the front seat one of the two men who earlier had run away. This man jumped from the blue automobile with a pistol in his hand, and with the man in the yellow shirt, seen earlier, began to pursue the victim, overtook him at a fence, and struck him on the forehead with the gun. This attacker (later identified as the defendant, Brimley, in open court by the victim) was "wearing jeans," white tennis shoes, and a black hat with an attached label, "U.S.S. John F. Kennedy." The attackers fled in the blue Marquis and the brown Cadillac. The four tires and the rims and other tangible items had disappeared.

When the police arrived, they sent out by radio the license numbers recorded by the victim and took the victim to the police station. There he was not able to recognize photographs by looking through books of "mug" shots. He then was taken, about forty-five minutes to an hour after the attack, to a spot on Highland Avenue, where there stood four males of the same general racial background, in a group or groups in some degree the equivalent of a lineup. Within "a few seconds" the victim identified Brimley as his assailant. Brimley, who was clothed as at the time of the attack, and the other persons with him "were already in handcuffs" and were all arrested and charged.

Motions for required findings of not guilty were denied. Brimley was convicted by the jury on both indictments. His appeals from these convictions and from the denial of a second motion for a new trial are before us. On appeal, he is represented by counsel different from his trial attorney.

1. For reasons fully considered in *Commonwealth* v. *Leaster*, 395 Mass. 96, 102-104 (1985), and cases there cited, unless there are present special elements of unfairness, there is no occasion to suppress a one-on-one confrontation and identification of a suspect or suspects promptly after a criminal episode, while a victim or other witness has a fresh recollection of the offender. See *Commonwealth* v. *Harris*, 395 Mass. 296, 298-300 (1985); *Commonwealth* v. *Hicks*, 17 Mass. App. Ct. 574, 583 (1984); *Commonwealth* v. *Perretti, ante* 36, 41-42 (1985). There was in this case no testimony at trial which gave basis for suspecting a police effort to arrange a confrontation designed to cause prejudice to Brimley or any other suspect.

On the motion for a new trial, the victim's testimony at the probable cause hearing was introduced. This was to the effect (a) that the police had said to him that they had captured the driver of the blue Marquis, who had "squealed" and told "where the rest of the guys were," and (b) that the police wanted the victim to "come and see if . . . [he] could identify anyone." This statement was inappropriately definite. Nevertheless, indications to a victim that the police want to determine whether he can identify a suspect held in custody need not be deemed "either unnecessary or unfair," where, as here, the identification was prompt and the procedure employed was reasonable. This is so, even though such indications inevitably will "contain some inherent suggestiveness." See the *Leaster* case, 395 Mass. at 103-104. The identification procedure was clearly reliable. See *Manson* v. *Brathwaite*, 432 U.S. 98, 114 (1977); *Commonwealth* v. *Key*, 19 Mass. App. Ct. 234, 240 (1985). See also *Commonwealth* v. *Paszko*, 391 Mass. 164, 172 n.9 (1984).

2. The victim, after his first encounter with the driver of the blue Marquis, could be found sufficiently to have regained control of the tires, rims, and other items (and to have identified them as his own property) to permit the conclusion that their later asportation at gun point by Brimley and his companions amounted to armed robbery. See *Commonwealth* v. *Homer*, 235 Mass. 526, 533-534 (1920); *Commonwealth* v. *Johnson*, 1 Mass. App. Ct. 68, 70-71 (1973). See also and compare *Commonwealth* v. *Novicki*, 324 Mass. 461, 464 (1949).

3. On a second motion for a new trial Brimley contended that he had not received effective assistance of counsel. Trial counsel reasonably and properly filed no motion to suppress the out-of-court identification of Brimley which, we think and he thought, had no chance of success, and properly recognized that the judge's charge was appropriate without requesting more explicit instructions. *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264-265 (1983). *Commonwealth* v. *Howell*, 394 Mass. 654, 657-660 (1985). The trial judge was well justified in concluding that the trial conduct of counsel

for Brimley met the standards of *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), and *Strickland* v. *Washington*, 466 U.S. 668 (1984).

*Denial of motions for new trial affirmed.*

*Judgments affirmed.*

*Kenneth J. King* for the defendant.
*Robin A. Pearl*, Assistant District Attorney, for the Commonwealth.